**Henry Charles GATES, Appellant,**

**v.**

**STATE of Texas, Appellee.**

**No. 09 81 084 CR.**

Court of Appeals of Texas, Beaumont.

Dec. 30, 1981.

Rehearing Denied Feb. 10, 1982.

**126**

John Dyer Carlisle, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

## OPINION

PER CURIAM.

Appellant was charged by indictment with burglary of a habitation with intent to commit theft, enhanced by two prior felony convictions. *V.T.C.A., Penal Code, Sec. 30.-02.* Appellant pleaded not guilty; the jury found him guilty. Appellant pleaded true

to one enhancement (the court quashed the other). The jury then assessed punishment at ninety-nine years in the Texas Department of Corrections. From this, appellant seeks review urging three grounds of error.

The first contends that the trial court erred in not including the defense of alibi in his charge. Lura Okleberry, the victim's cousin, spent the night with appellant at his apartment on the night of September 26, 1979. Appellant left at 10 A.M., September 27, wearing a white T-shirt, jeans, tennis shoes, and a light colored hat pulled down on his head. He and "Smokey" had left the apartment at 10 P.M. the 26th. "Smokey" came back between 3 and 4 A.M., but Ms. Ockleberry did not see appellant until about 8 A.M. on the 27th.

The alleged crime occurred in the early morning hours of September 27, 1979. Hence, Ms. Okleberry's testimony did not place appellant with her at the time of the alleged crimes; so, there is no inconsistency, and no charge of alibi need be given. *Arney v. State*, 580 S.W.2d 836, 840 (Tex.Cr. App.1979). This ground is overruled.

In his second ground of error, appellant contends that the trial court erred in not granting an instructed verdict of not guilty because the circumstantial evidence did not exclude every reasonable hypothesis except the guilt of the accused. Ms. White, lessee of the apartment in the complex, was awakened in the early morning hours of September 27, 1979, by knocking at her door. She looked through a peephole in the door and saw a person she identified as appellant. She described appellant's clothing of a white T-shirt and a pulled down cap. Later, while Ms. White was calling the police, a window near the door was broken. She (Ms. White) returned to see a person's hand and shoulders inside the window removing the stereo turntable. This person, she testified, was wearing "a white T-shirt and a light hat." She had earlier seen a second male through her peephole, but this person was dressed in dark clothing. We believe this testimony was sufficient to circumstantially identify appellant

and exclude any other person except appellant in the jury's mind. This ground of error is overruled.

Appellant's third ground of error urges the trial court erred "in not including the words 'mere presence alone will not constitute one a party to an offense' in his charge." There was no such objection to the charge; hence, nothing is presented for review. *Vernon's Ann.C.C.P., Art. 36.14*; *Mulchahey v. State*, 574 S.W.2d 112, 118 (Tex.Cr.App.1978); *Patterson v. State*, 509 S.W.2d 857, 863 (Tex.Cr.App.1974). This ground of error is overruled.

The judgment of the trial court is affirmed.

AFFIRMED.