Timothy Mark BYERS, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–81–0187–CR.

Court of Appeals of Texas, Tyler.

Aug. 26, 1982.

John D. Byers, Sulphur Springs, for appellant.

Marcus D. Taylor, Dist. Atty., Quitman, for appellee.

McKAY, Justice.

Appellant was convicted of burglary of a habitation. Punishment was assessed at fifteen years confinement and a $500 fine.

In his first ground of error appellant contends that the trial court erred in not allowing his father, John D. Byers, to represent him at the trial thereby denying him a fundamental and constitutional right to be represented by counsel of his choice.

The record indicates that the State had John D. Byers subpoenaed as a fact witness in the trial of appellant, and he was placed under the rule and excluded from the courtroom. John D. Byers is an attorney and the father of appellant. He had engaged other counsel to assist him in representing appellant in the trial, and attorney James T. Flynt did serve as counsel for appellant in the trial court. John D. Byers did testify as a fact witness to the effect that he recovered some of the property taken from the house during the burglary and turned it over to the officers.

In our search of the record we have been unable to find where John D. Byers requested that trial court excuse him from the rule on witnesses so that he could be present in the courtroom and represent his son, nor do we find any ruling by the trial court denying any such request. There is in the record "Defendant's Motion Invoking the Rule of Witnesses" in which John D. Byers as attorney for appellant "moves the court pursuant to Article 36.03 C.C.P. to invoke the rule of witnesses and to direct that all witnesses for the prosecution and defense be sworn and placed in the custody of an officer of the court and removed out of the courtroom . . . ." The trial court granted the motion.

In his testimony out of the presence of the jury as a witness for the State, John D. Byers, in answer to a question by the State's attorney, said, "I paid Mr. Flynt to assist me. As you recall I requested to be allowed to sit at counsel table this morning to which you objected." The State Attorney replied, "That's right." However, we find nothing in the record, in the statement of facts or the transcript, which evidences a *request* by John D. Byers *to the Court* to be excused from the rule so that he could remain in the courtroom or participate in the trial. From the quoted testimony above, it is not shown whether any request by Byers was made to the court or only to the State's counsel, and in the absence of any record of a request to the court we are not at liberty to supply that omission.

If it could be said that there was error in putting Byers under the rule, he waived such error by not requesting the

court to be excused from the rule. *King v. State,* 511 S.W.2d 32, 34 (Tex.Cr.App.1974); *Tijerina v. State,* 460 S.W.2d 123, 124 (Tex. Cr.App.1970). The trial court is allowed discretion in the enforcement of the rule. Article 36.04, C.C.P.; *King v. State, supra* (fact note 4); *Tijerina v. State, supra.* Appellant does not contend he received ineffective assistance of counsel. After Byers had testified for the second time he requested the court to excuse him from the rule. The State objected and his request was denied. Appellant has not demonstrated that the trial court abused its discretion in this matter, and appellant's first ground of error is overruled.

In his second ground of error appellant maintains there was no corroboration of the accomplice testimony given by Harold Thomas Crist and Tracy Clark (Clark).

Harold Thomas Crist and Clark were accomplice witnesses who testified that they, together with appellant, burglarized the residence of Larry Crist and took from his house eight rifles and shotguns, one pistol, a red tool box, and two stereo speakers. Harold Crist testified that he knew appellant prior to the burglary, that he met appellant at the residence of Claude Holland, and that he and appellant discussed how they could make some easy money. He said he told appellant that his uncle had a bunch of rifles and there would be easy money to make because his uncle would be at work. He and appellant then called Clark because Clark had a car, and they asked him if he wanted to make some money. Clark came and picked up Harold Crist and appellant.

Harold Crist stated that the three of them then drove from Sulphur Springs to Commerce and bought a six pack of beer, and went from there to Wood County to Larry Crist's house. They broke into the house and took the guns, the tool box, a set of speakers, some hunting vests, and $102 in change. They folded the stolen items in a blanket and put them in Clark's car. They made an inventory of the items, took them to John D. Byers' residence in Sulphur Springs when he was not at home, and put them in a closet in a shed at the back of the house. Harold Crist testified it was appellant's idea to put the stolen items behind his father's house, and that appellant showed them how to get to that location. They left all the stolen property in the shed except the two speakers which Clark took to his house. They then drove to a junk yard where appellant went in. Appellant came back and reported that he was offered $50 for each rifle but that amount was not enough.

According to Harold Crist, the next day appellant returned all the rifles to him so he could return them, and appellant was driving a Z28 car. Harold Crist and Randy Holland moved the rifles out to a country road and left them beside or near the road. The next morning Harold Crist called his uncle, Larry Crist, and told him he knew what happened to his guns. Larry picked up Harold, and Harold told him what had happened. They then went to the home of Deputy Sheriff Billie George, who followed them to pick up the guns. The pistol and the tool box were not there because appellant had not returned them. Harold Crist's explanation of why appellant had failed to return the pistols and the tool box was "that they—he (appellant) had given it to somebody else because—for letting him put the rifles at the residence." Harold Crist testified that he, Larry Crist, and Deputy Sheriff George then proceeded to Clark's house and got the speakers.

Prior to appellant's trial, Harold Crist and Clark pleaded guilty to the offense of burglary and received probated sentences.

According to the record, the only witnesses who might give testimony tending to connect appellant with the burglary were Randy Holland and John D. Byers.

Randy Holland testified that Harold Crist came to his house and told him about the guns. Holland said Crist arrived in a silver Z28 car with orange stripes, and that appellant drove a car like that one. He said appellant had visited his house numerous times in his Z28. He did not see appellant, and acknowledged that there is more than one Z28 in Hopkins County.

John D. Byers, appellant's father and an attorney, testified that he was first told of the charge against appellant by appellant; that he went to the Wood County Sheriff's office about December 8, 1979, "to make a bond." John Byers testified he had a conversation with G.W. Taylor, the Chief Deputy of the Wood County Sheriff's office on or after December 9, 1979, and stated:

"Taylor was aware of the fact that I was responsible for the return of the other merchandise in the case and told me at that time there were two items missing, specifically a tool box and a .22 caliber pistol, and asked me at that time if I could help him in recovering those two items."

John D. Byers stated he was familiar with, or at least had been told the location of, the remaining two items; that he contacted the individual and asked him to return them to his house and place them in his car; that he was at the time of trial representing that individual in a criminal matter, but that the individual was not his son, the appellant. John Byers went to the Wood County Sheriff's office on the next day, December 9, 1979, and had in his possession a tool box and a .22 caliber pistol which had been left in his car the night before.

On cross-examination, Byers testified that he was "instrumental" in returning the long guns. He stated that when he learned appellant was being implicated, he found out where the guns were located and said, "the thing to do is for you to let me know where they are and I will try to make arrangements to return them and maybe that will be the end of the matter."

John D. Byers claimed the privilege of attorney-client relationship which was recognized by the trial court. As a result, some questions to Byers were not permitted because they would violate this confidential relationship.

The State contends that the testimony in the record of Holland and John D. Byers is sufficient to corroborate the accomplice evidence.

Article 38.14, Tex.Code Crim.Proc.Ann. (Vernon 1979), provides "A conviction can-not be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense."

*Walker v. State,* 615 S.W.2d 728, 731 (Tex.Cr.App.1981) quotes *Edwards v. State,* 427 S.W.2d 629 (Tex.Cr.App.1968) as follows:

The test as to the sufficiency of the corroboration is to eliminate from consideration the evidence of the accomplice witness and then to examine the evidence of other witnesses with the view to ascertain if there be inculpatory evidence, that is evidence of incriminating character which tends to connect the defendant with the commission of the offense. If there is such evidence, the corroboration is sufficient; otherwise it is not.

*Edwards v. State, supra,* quoted from *Minor v. State,* 108 Tex.Cr.R. 1, 299 S.W. 422 (Tex.Cr.App.1927), which is also quoted in *Walker v. State, supra* at 731–32 as follows:

The law forbidding a conviction upon the uncorroborated testimony of an accomplice does not demand that there be direct evidence pointing to the accused as the offender, but merely requires that there be *'other evidence tending to connect the defendant with the offense committed.'* ... Circumstances proved by credible witnesses may be as potent as direct testimony in tending to connect the accused with the commission of the offense. The state is not called upon to point to some single or isolated fact which in itself, unrelated to other proven facts, will be sufficient corroboration. It is the *combined and cumulative weight of the evidence furnished by non-accomplice witnesses which supply the test.* If by this rule it appears on appeal that before the jury there was proof confirming the testimony of the accomplice to material facts tending to connect the accused with the commission of the offense, the law is satisfied. (Emphasis added.)

*Jackson v. State,* 516 S.W.2d 167, 171 (Tex.Cr.App.1974) contains the following quotation, "The law forbidding a conviction upon the uncorroborated testimony of an accomplice does not demand that there be direct evidence pointing to the accused as the offender, but merely requires that there be 'other evidence tending to connect the defendant with offense committed.' "[1]

The accomplice witness need not be corroborated in all his testimony, and the corroboration need not directly link the accused to the crime or be sufficient in itself to establish guilt. *Walker v. State, supra.* The nonaccomplice witness' testimony need only make the accomplice's testimony more likely than not. *Carrillo v. State,* 566 S.W.2d 902, 908 (Tex.Cr.App.1978). Testimony and evidence which "meshes perfectly" with an accomplice witness' testimony makes that testimony more likely than not. *Id.* Moreover, the relationship of the persons involved and the timing of events may in particular cases "tie in" an appellant with the commission of an offense. *Id.*

We believe that John Byers' testimony, coupled with his delivery of the tool box and the .22 caliber pistol after the rifles had been returned, makes the accomplice's testimony more likely than not because it "meshes perfectly" with Harold Crist's statement that appellant had failed to return the two items in question when he returned the rifles. Furthermore, we believe that the father-son relationship of John Byers and appellant, coupled with the timing of the events involved here, sufficiently connect appellant with the offense committed.

Appellant's third ground of error complains of the trial court's refusal to grant his request for a charge on alibi. David Wallace was called to testify by the appellant. He testified the appellant spent a night at his house and that he drove the appellant to work about 7:00 a.m. the next morning. He testified he could not recall which day of the week it was, but he did testify it was the evening of the same day he spoke with Harold Crist by telephone regarding the solication of a felonious act and the evening before he recalled Harold Crist coming to his house for the purpose of getting him to sell some guns and speakers, which he recalled as being the evening of November 30, 1979. Appellant contends that such testimony raises the defense of alibi and that the trial court erred in refusing to charge on the defense of alibi. We do not agree.

The defense of alibi is raised when there is evidence presented that, at the time of the offense, the defendant was at a place such that he or she could not have participated in the commission of the offense. *Arney v. State,* 580 S.W.2d 836 (Tex.Cr.App.1979); *Gates v. State,* 628 S.W.2d 125 (Tex.App.1981). The burden of producing such evidence is upon the defendant. *Anderson v. State,* 147 Tex.Cr.R. 410, 181 S.W.2d 78 (1944). When there is no affirmative evidence inconsistent with the defendant's presence at the scene at the time of the offense, an instruction in the defense of alibi is not required. *Arney, supra.* Appellant's third ground of error is overruled.

In his fourth ground of error appellant contends the District Attorney engaged in improper jury argument during the course of the trial. However, from a reading of the complete ground of error it appears his complaint is that the trial court erred in overruling his objections and motions for mistrial in regards to certain statements of the District Attorney.

Appellant complains of three instances during jury argument. In the first instance, he contends the District Attorney summarized testimony which was outside the record. There was no objection during the trial. The District Attorney stated, "Now, Harold Crist testified that the defendant brought these guns up in his Silver Z28 with the orange stripe and pulled by

---

1. Circumstantial evidence has been defined as the direct proof of a minor fact which by logical inference, demonstrates the fact to be proved. *Crawford v. State,* 502 S.W.2d 768, 769 (Tex.Cr.App.1973).

the Holland house over to this barn in a particular spot and there the guns were removed from the car." Appellant objects by stating Holland did not testify in that manner. A careful review of the record reveals that appellant is correct. However, the District Attorney was summarizing Harold Crist's testimony, and a review of the record reveals that summarization to be correct. Obviously, there is no error shown.

 Secondly, appellant contends there was reversible error when the District Attorney said, "and I would ask you to consider who is testifying and has an interest in the outcome of this case, what was said." Appellant objects on the basis that the statement was a comment on the defendant's failure to testify. We do not agree. The statement merely asks the jury to consider who is testifying, who has an interest in the outcome of the trial, and what the testimony was. Judging the credibility of the witnesses and the weight to be given their testimony is the province of the jury, and it is not error to request the jury to do its duty.

In his third contention appellant again urges that the trial court erred in overruling his objection and motion for mistrial when the District Attorney said, "Now, there is evidence here .... I take it back, well, I guess there is, there is evidence, so-called third party that called John Byers.[2] Now, he said it wasn't his son and he also testified it wasn't Harold Crist and it wasn't Tracy Clark, but he never would tell you who it was." The trial court had previously ruled any communication between John Byers and this unknown party was confidential on the basis of attorney-client privilege. The objection by defense counsel was to the statement by the District Attorney apparently for the reason John Byers could not tell who this person was under the trial court's ruling of attorney-client privilege. The record reflects John Byers testified that the person was not his son or either of the two witnesses against

his son, and that he did not reveal the name. We find no error in the argument of the District Attorney summarizing the evidence before the jury. *Alejandro v. State,* 493 S.W.2d 230 (Tex.Cr.App.1973). We, as did the trial court, find no violation of the court's ruling in regards to privileged communications. Appellant's fourth ground is overruled.

The judgment of the trial court is affirmed.

---

**2.** Byers' testimony was: "I was familiar with the location or I had—at least been told the location where these items [tool box and .22 caliber pistol] were located. I contacted the individual and asked him to bring it to my house and put it in my car."