Argued and submitted August 3, affirmed November 14, 1984, reconsideration denied January 25, petition for review denied February 12, 1985 (298 Or 704)

## STATE OF OREGON,
*Respondent,*

*v.*

## STEVEN ARTHUR CONWAY,
*Appellant.*

(DUC 5367; CA A32361)

690 P2d 1128

William Uhle, Oregon City, argued the cause and filed the brief for appellant.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

Defendant appeals from his conviction for driving under the influence of intoxicants, ORS 487.540, contending that his constitutional right of confrontation was violated by the trial court's admission, under a hearsay exception, of Intoxilyzer certifications. We affirm.

In *State v. Smith,* 66 Or App 703, 675 P2d 510 (1984), we held that Intoxilyzer certifications are admissible as public records exception to the hearsay rule. OEC 803(8)(b). We did not discuss the constitutional argument which is being raised by defendant in this appeal. Shortly thereafter, we summarily decided *State v. Sparks,* 66 Or App 974, 675 P2d 191 (1984), by simply citing *Smith.* In *Sparks,* the defendant did raise, *inter alia,* the issue presented here. The Supreme Court has recently denied review of *Sparks.* 297 Or 339 (1984). Because we believe that an opinion is needed to put this matter to rest, we specifically address the constitutional issue.

The question we now decide is: Does the admission of an Oregon State Police Intoxilyzer Certification, without requiring the oral testimony of the person preparing the certification, violate defendant's rights under the state and federal confrontation clauses?[1] We hold that it does not.

Article I, section 11, of the Oregon Constitution provides, in part:

> "In all criminal prosecutions, the accused shall have the right * * * *to meet the witnesses face to face,* and to have compulsory process for obtaining witnesses in his favor * * *." (Emphasis supplied.)

The federal equivalent to this provision is worded somewhat differently. The Sixth Amendment to the United States Constitution provides, in part:

> "In all criminal prosecutions, the accused shall enjoy the right * * * *to be confronted with the witnesses against him;* to have compulsory process for obtaining witnesses in his favor * * *." (Emphasis supplied.)

---

[1] In the usual context, the Confrontation Clause is asserted to require the physical attendance of witnesses for as well as against a defendant in a criminal case in order that the factfinder can see the personal appearance of the witness and to permit cross-examination by the accused. *See State ex rel Gladden v. Lonergan,* 201 Or 163, 177-74, 269 P2d 491 (1954).

Although our discussion is primarily directed at the Oregon Constitution, our reasoning results in a like determination under the Sixth Amendment.

The traditional hearsay rule and the many concepts attending it, including the official records exception, came into the law long before the adoption of the federal and state constitutions. As the Supreme Court pointed out in *State ex rel Gladden v. Lonergan,* 201 Or 163, 269 P2d 491 (1954), Article I, section 11, did not abolish the "well-established exceptions" to the hearsay rule. One of the court's earliest discussions relating to historical exceptions is found in *State v. Saunders,* 14 Or 300, 12 P 441 (1886), *overruled on other grounds, State v. Marsh,* 260 Or 416, 490 P2d 491 (1971), *cert den* 406 US 974 (1972), where the court upheld the constitutionality of the dying declaration exception:

> "[The Oregon Confrontation Right] does not apply to such documentary evidence to establish collateral facts, as would be admissible under the rules of the common law in other cases." 14 Or at 305.

Under that standard, there is no question but that the public records exception satisfies the constitution. As the state suggested in its brief, perhaps there is no other hearsay exception with a firmer basis in common law. *See, e.g., Rex v. Aickles,* 1 Leach Cr L (3d ed) 436, 168 E.R. 297 (1785); *Doe d. France v. Andrews,* 15 QB 756, 759, 117 E.R. 644 (1850); *The Irish Society v. The Bishop of Derry,* 12 Cl & F 641, 668 (1845); *Stewart v. Allison,* 6 S & R 324, 329 (1821); *Gaines v. Relf,* 53 US 12 How 472, 570, 13 L Ed 1071 (1851); *Ferguson v. Clifford,* 37 NH 85, 95 (1858).

Affirmed.