Argued and submitted August 29, 1991, affirmed January 22, reconsideration denied May 13, petition for review allowed June 23, 1992 (313 Or 354)

# STATE OF OREGON,
*Respondent,*

*v.*

# DIANA LYNN HANCOCK,
*Appellant.*

(900714; CA A65081)

825 P2d 648

Guy B. Greco, Newport, argued the cause and filed the brief for appellant.

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Defendant appeals her conviction for delivery of marijuana for consideration. ORS 475.992(2)(a). She makes numerous assignments of error. We address only her claims that the trial court erred in overruling her objection to the admission of a report prepared by the Oregon State Police Crime Detection Laboratory (laboratory) and that the trial court erred by failing to give her requested instructions on accomplice testimony. We affirm.

On December 19, 1989, Smith was employed by the Lincoln City Police Department as an undercover agent. Early that evening, he went to a local bar to purchase marijuana. At the bar, he contacted a person known to him as "Terry," who agreed to buy some marijuana with Smith. The two then waited for Terry's girlfriend, whom Smith later identified as defendant. Defendant drove them to a location where Terry left the car and apparently obtained marijuana. After Terry returned, defendant drove to her residence, where Smith and Terry split the marijuana. Defendant denied that she drove Terry or Smith anywhere on December 19, 1989, or that she knew anything about a drug transaction.

ORS 475.235(3) provides:

"In all prosecutions under ORS 475.005 to 475.375 and 475.805 to 475.999 involving the analysis of a controlled substance or sample thereof, a certified copy of the analytical report signed by the director of the state police crime detection laboratory or the criminalist conducting the analysis shall be accepted as prima facie evidence of the results of the analytical findings."

Relying on that statute, the state, in its case-in-chief, introduced a laboratory report identifying as marijuana the green vegetable material in evidence. The statute makes the laboratory report self-authenticating and "prima facie evidence of the results of the analytical findings." Admission of the laboratory report is sufficient to prove the controlled substance element for the various listed drug offenses. Defendant contends that admission of the report violated her confrontation rights under the state and federal constitutions,[1] because the state did not demonstrate that the

---

[1] Under Article I, section 11, of the Oregon Constitution, a defendant has the right "to meet the witnesses face to face." Under the Sixth Amendment to the United

report's author was unavailable to testify or that the report was sufficiently trustworthy. *See Ohio v. Roberts*, 448 US 56, 100 S Ct 2531, 65 L Ed 2d 597 (1980); *State v. Stevens*, 311 Or 119, 140, 806 P2d 92 (1991); *State v. Campbell*, 299 Or 633, 648, 705 P2d 694 (1985).

In *Ohio v. Roberts, supra*, the Court applied a two-part test to determine whether a defendant's confrontation rights had been satisfied. The Court held that the declarant must "[i]n the usual case" be unavailable and the statement must have "adequate indicia of reliability." 448 US at 65-66. The test established in *Roberts* was adopted by the Oregon Supreme Court in *State v. Campbell, supra*, and applied most recently in *State v. Moen*, 309 Or 45, 62, 786 P2d 111 (1990), and *State v. Stevens, supra*. *Roberts* involved the admissibility of the preliminary hearing testimony of a witness not produced at the defendant's subsequent criminal trial. *Campbell, Moen* and *Stevens* also involve the admission of a prior out-of-court statement by an unavailable declarant.

■       However, in *United States v. Inadi*, 475 US 387, 106 S Ct 1121, 89 L Ed 2d 390 (1986), the Court held that out-of-court statements by a co-conspirator were admissible, even in the absence of a demonstration that the declarant was unavailable to testify at trial. In concluding that unavailability was not necessary in all cases to protect a defendant's confrontation rights, the Court observed:

> "[A]n unavailability rule is not likely to produce much testimony that adds anything to the 'truth-determining process' over and above what would be produced without such a rule. * * * Some of the available declarants already will have been subpoenaed by the prosecution or the defense, regardless of any Confrontation Clause requirements. Presumably only those declarants that neither side believes will be particularly helpful will not have been subpoenaed as witnesses. * * * If the government has no desire to call a co-conspirator declarant as a witness, and if the defense has not chosen to subpoena such a declarant, either as a witness favorable to the defense, or as a hostile witness, or for cross-examination under Federal Rule of Evidence 806, then it is difficult to see

States Constitution, a defendant has the right "to be confronted with the witnesses against him."

> what, if anything, is gained by a rule that requires the prosecution to make that declarant 'available.'
>
> "* * * * *
>
> "Any marginal protection to the defendant by forcing the government to call as witnesses those co-conspirator declarants who are available, willing to testify, hostile to the defense and yet not already subpoenaed by the prosecution, when the defendant himself can call and cross-examine such declarants, cannot support an unavailability rule. We hold today that the Confrontation Clause does not embody such a rule." 475 US at 396. (Footnotes and citations omitted.)

We agree with the Court's reasoning in *Inadi*, and conclude that the declarant's unavailability is not a condition for the admission of hearsay evidence in a criminal trial if the evidence has independent significance of its own, there is no showing that cross-examination of the declarant would add anything to the "truth determining process" of the trial and the defendant could have, but failed to, exercise the right to compel the testimony of the declarant.[2]

The state was required to disclose the report to defendant before trial. ORS 135.815(3). ORS 475.235(4) provides that, if a defendant wants to challenge the accuracy of a laboratory analysis, "the defendant may subpoena the criminalist to testify at the preliminary hearing and trial of the issue at no cost to the defendant." Had defendant wanted to challenge the accuracy of the report, she could have subpoenaed the analyst for cross-examination, or she could have made the proper application to the court and had the material tested independently before trial. Instead, she chose to do nothing. Under similar circumstances, other jurisdictions with similar statutes have found the unavailability rule unnecessary to protect the defendant's confrontation rights.

---

[2] In *Campbell*, the Supreme Court said:

"[B]efore any out-of-court declaration of any available living witness may be offered against a defendant in a criminal trial, the witness must be produced and declared incompetent by the court." 294 Or at 648.

We believe that that statement must be read in the context of the issues raised in *Campbell* and does not establish an inflexible unavailability rule under the Oregon Constitution, applicable in every criminal case regardless of the circumstances. For example, the public records exception to the hearsay rule, OEC 803(8), is routinely used to admit hearsay statements contained in reports and documents such as Intoxilyzer inspection certificates. *See State v. Conway*, 70 Or App 721, 690 P2d 1128 (1984), *rev den* 298 Or 704 (1985).

*See State v. Fischer*, 459 NW 2d 818 (ND 1990); *Howard v. United States*, 473 A2d 835 (DC App 1984); *State v. Smith*, 312 NC 361, 323 SE 2d 316 (1984).

■■ Defendant also contends that the report is not sufficiently trustworthy and should have been excluded for that reason. States have the power to regulate how their laws are carried out. That power includes determining which party should bear the burden of producing evidence in a trial and the form of that evidence.[3] *See Patterson v. New York*, 432 US 197, 201-02, 97 S Ct 2319, 53 L Ed 2d 281 (1977). At the House Judiciary Committee hearings relating to the passage of HB 2190, now codified at ORS 475.235(3) and (4), representatives from the Oregon State Police and the Oregon District Attorneys' Association testified that they could not recall any cases of drugs being misidentified by laboratory analysis. The Oregon Criminal Defense Lawyer's Association representative could recall only two cases in which the nature of the drug was disputed. One related only to the *type of marijuana* present, rather than the presence or absence of the drug. The other related only to identification of the *particular isomer* of cocaine, which could be determined only through more elaborate analysis. Tape Recording, House Judiciary Committee, Crime and Corrections Subcommittee, January 19, 1989, tape 8, side A, counter 75-145. ORS 475.235(3) reflects a legislative determination that the accuracy of the chemical analysis of an alleged controlled substance by the laboratory is almost never challenged and that it is a waste of law enforcement resources to require the analyst to testify if the chemical analysis is not in issue at trial.

Defendant does not challenge the accuracy of the testimony given the legislature. Instead, she argues that the report is not trustworthy for three reasons: It is signed by the laboratory director, not the criminalist who performed the tests; the qualifications of the criminalist who performed the test are not set out in the report; and the report is simply a

---

[3] In passing, defendant asserts that, "[i]n essence, the burden of producing evidence to rebut an element of the state's case impermissibly shifts to the defendant." To the extent that that assertion posits that the statute shifts the "burden of persuasion" on an element of the state's case to defendant, we reject it. *See State v. Rainey*, 298 Or 459, 693 P2d 635 (1985). The statute simply creates a method by which the state can satisfy its burden of proving every element of the alleged crime beyond a reasonable doubt.

conclusion and does not include any of the analysis used to identify the substance. Defendant could have investigated and developed those considerations during pretrial discovery if she had truly wanted to contest them at trial. The legislature determined that the laboratory's reports are sufficiently reliable in the usual case. Nothing in the record before us even hints that the report might be inaccurate, and we refuse to speculate about the issues defendant now raises. We hold, therefore, that the unavailability of the author of a report offered pursuant to ORS 475.235(3) is not a precondition to the admission of that report and that, under the totality of the circumstances, the report here is sufficiently trustworthy to satisfy defendant's confrontation rights.

■ Finally, defendant argues that the undercover agent, Smith, was an accomplice to the crime of delivery of marijuana for consideration and that she was entitled to a jury instruction concerning accomplice testimony. The uncontested testimony established that Smith had been hired to investigate drug activity in Lincoln City, to use police-supplied expense money to purchase illegal drugs and to report the identities of those people who sold drugs to the police. His actions were ordered by and supervised by the city police. Therefore, he was a feigned accomplice:

> "It is well-settled that a 'feigned accomplice,' *i.e.*, one who is engaged in gathering evidence for the prosecution of crime is not considered an accomplice whose testimony must be corroborated. *State v. Wheelhouse*, 60 Or App 151, 153, 486 P2d 1291 (1971); *State v. Busick*, 90 Or 466, 471-75, 177 P 64 (1919)." *State v. Kosta*, 75 Or App 713, 721, 702 P2d 365 (1985), *aff'd* 304 Or 549 (1987).

Defendant was not entitled to the requested accomplice witness instructions.

Affirmed.