Argued and submitted January 31, conviction affirmed; remanded for resentencing November 4, 1992

STATE OF OREGON,
*Respondent,*

*v.*

ERVIN L. SMITH,
*Appellant.*

(90C-20875; CA A68068)

841 P2d 1

Ingrid A. MacFarlane, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender, Salem.

Janet A. Klapstein, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his conviction for supplying contraband while he was an inmate of the Oregon State Penitentiary. ORS 162.185. He challenges admission of the criminalist's report submitted under ORS 475.235 and also contends that his sentence is unlawful. We affirm the conviction but remand for resentencing.

Defendant's challenge to the admission of the report is answered adversely to his statutory and constitutional arguments by *State v. Hancock*, 111 Or App 92, 825 P2d 648, *rev allowed* 313 Or 354 (1992). There was no error.

Defendant was sentenced under the sentencing guidelines. He agrees that his crime is properly in category 5 on the grid but argues that the court improperly determined that one of his prior convictions was a "person felony" that made his criminal history classification higher on the grid. The prior Oregon conviction was for tampering with a witness, ORS 162.285, which the court concluded was a person felony. OAR 253-03-001(14). The state concedes that the court erred. The rule defines "person felony" by a list of offenses and tampering with a witness is not on the list. The sentencing guidelines provide no other method for classifying prior Oregon convictions. The court erred by classifying the prior offense as a person felony.

The court also imposed a period of 36 months postprison supervision. Defendant contends, and the state agrees, that the maximum time under OAR 253-05-002(1) is 24 months. The court erred.

Conviction affirmed; remanded for resentencing.