Argued and submitted October 28, 1992, remanded for resentencing in part;
otherwise affirmed February 17, 1993

## STATE OF OREGON,
*Respondent,*

*v.*

## DONALD GENE NICHOLAS,
*Appellant.*

(90-05-32821, 90-10-35657, 91-01-30493;
CA A71457 (Control), A71458, A71459)

846 P2d 1181

Stephen J. Williams, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DEITS, J.

**DEITS, J.**

Defendant appeals the consecutive sentences imposed after he was found guilty of two counts of burglary in the first degree.[1] ORS 164.225. We remand for resentencing.

On each conviction, the trial court concluded that defendant came within grid block 7-E of the sentencing guidelines, which has a presumptive incarceration term of 16-18 months. The court found substantial and compelling reasons for a departure sentence and sentenced defendant to 36 months in prison on the first burglary conviction, which it designated as the primary offense. OAR 253-03-001(17). On the second conviction, it entered a departure sentence of 24 months to be served consecutively to the 36 months.

Defendant argues that the court erred in imposing sentence on the second burglary conviction. The court imposed the 24-month sentence on that conviction under grid block 7-E. Defendant contends that, as required by OAR 253-12-020(2), the sentence should have been imposed under grid block 7-I. OAR 253-12-020(2)(a) provides, in part:

> "Subject to the provisions of subsection (b) of this section, the presumptive incarceration term of the consecutive sentences is the sum of:
>
> "(A)   the presumptive incarceration term for the primary offense, as defined in OAR 253-03-001(17); and
>
> "(B)   up to the maximum incarceration term indicated in the Criminal History I Column for each additional offense imposed consecutively."

The state argues that the 24-month sentence was proper. It contends that, because defendant has previous convictions for first-degree burglary, ORS 137.635(1)[2]

---

[1] In CA A71457, defendant was also found guilty of unauthorized use of a motor vehicle, in addition to the burglary convictions. Although the state argues that all sentences should be remanded for resentencing, defendant has not asked for resentencing on the unauthorized use conviction, which was not imposed in error. *See State v. Smith*, 116 Or App 558, 841 P2d 1 (1992).

[2] ORS 137.635(1) provides:

> "When, in the case of a felony described in subsection (2) of this section, a court sentences a convicted defendant who has previously been convicted of any felony designated in subsection (2) of this section, the sentence shall not be an indeterminate sentence to which the defendant otherwise would be subject

requires the imposition of a "determinate" prison sentence on the second burglary conviction. The state's position is that, under grid block 7-I, the presumptive sentence is a term of probation and, because of that, the sentence is governed by OAR 253-09-001(2), a rule enacted to carry out the requirements of ORS 137.635(1). OAR 253-09-001(2) provides, in pertinent part:

> "If the provisions of Ballot Measure 4, 1988 General Election, require the imprisonment of an offender for whom the grid provides presumptive probation, the offender shall be imprisoned for a duration determined as follows:
>
> "* * * * *
>
> "(2)  11-12 months for an offense classified in Grid Block 7-I[.]"

Applying the above provisions, the state reasons that, because grid block 7-I provides for presumptive probation for the second burglary conviction, the 11 to 12 month sentence of imprisonment in OAR 253-09-001(2) is applicable and, with a departure, defendant may be sentenced to 24 months.

The difficulty with the state's position is that defendant's presumptive sentence on the second burglary conviction here was not a probationary term. His presumptive sentence on that conviction was a prison term under grid block 7-E. However, because that sentence was imposed to be served consecutively to another, under OAR 253-12-020, the term of the second sentence had to be calculated according to the amount of time designated by column I. In other words, the use of grid block 7-I is only to determine the *length* of incarceration, not to determine whether the sentence will be one of incarceration or probation.

---

under ORS 137.120, but, unless it imposes a death penalty under ORS 163.105, the court shall impose a determinate sentence, the length of which the court shall determine, to the custody of the Department of Corrections. Any mandatory minimum sentence otherwise provided by law shall apply. The sentence shall not exceed the maximum sentence otherwise provided by law in such cases. The convicted defendant who is subject to this section shall not be eligible for probation. The convicted defendant shall serve the entire sentence imposed by the court and shall not, during the service of such a sentence, be eligible for parole or any form of temporary leave from custody. The person shall not be eligible for any reduction in sentence pursuant to ORS 421.120."

In *State v. Haydon*, 116 Or App 347, 842 P2d 410 (1992), we held that, although ORS 137.635 applies to felonies committed after November 1, 1989, the sentence that can be imposed on such felonies is provided by the guidelines. Accordingly, the term of the sentence on the second burglary is not governed by ORS 137.635(1) and OAR 253-09-001(2). We hold that the 24-month sentence imposed by the trial court did exceed the permissible departure sentence under grid block 7-I.

Remanded for resentencing on count 2, in CA A71457; otherwise affirmed.