Argued and submitted September 8, 2004, affirmed April 20, 2005

## STATE OF OREGON,
*Respondent,*

*v.*

## MALEY MILLS WILLIAM,
*Appellant.*

### Z401969; A119224

110 P3d 1114

Stephanie Hortsch, Deputy Public Defender, argued the cause for appellant. With her on the brief were Peter Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services.

Doug M. Petrina, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Arnold, Judge pro tempore.

LANDAU, P. J.

**LANDAU, P. J.**

Defendant appeals a judgment of conviction for driving under the influence of intoxicants (DUII). ORS 813.010. His sole contention on appeal is that the trial court erred in admitting documentary evidence of the accuracy of an Intoxilyzer without proof that the technician who prepared the documents was unavailable to testify. According to defendant, without such proof of unavailability, the admission of the documents violates his confrontation rights guaranteed under Article I, section 11, of the Oregon Constitution. We affirm.

The relevant facts are not in dispute. Officer Buchanan saw defendant driving back and forth between lanes without signaling. When he stopped defendant, he noted various signs of alcohol consumption and asked defendant to perform field sobriety tests. Defendant agreed. Based on defendant's performance of those tests, Buchanan determined that defendant was under the influence of intoxicants and placed him under arrest. At the police station, defendant agreed to submit to an Intoxilyzer breath test to determine his blood alcohol content (BAC). Defendant completed the test, which indicated a BAC of .12 percent.

At trial, the state offered into evidence two documents certifying that the .12 percent BAC test result was accurate and that the test complied with the statutory requirements for chemical analysis of a person's breath set out in ORS 813.160. Defendant objected, arguing that the documents are hearsay and that admission of them without establishing the unavailability of the person who prepared them would violate his confrontation rights guaranteed by Article I, section 11. The trial court overruled the objection and admitted the certifications under OEC 803(8)(b), the public records exception to the hearsay rule.

On appeal, defendant assigns error to the admission of the certifications. He concedes that the certifications are admissible under the public records exception to the rule against hearsay, OEC 803(8)(b). He argues that, under *State*

*v. Campbell*, 299 Or 633, 705 P2d 694 (1985), to avoid a violation of confrontation rights, the hearsay must satisfy a two-part test that requires proof that the declarant is unavailable and that the statement otherwise bears adequate indicia of reliability. According to defendant, because the state failed to establish the unavailability of the person who prepared the Intoxilyzer certifications, the documents cannot be admitted. The state argues that the sort of documentary hearsay at issue in this case has never been subject to an unavailability requirement and that nothing in *Campbell* or any subsequent decision suggests otherwise. For the following reasons, we agree with the state.

■ Article I, section 11, of the Oregon Constitution provides, in part, that a defendant in a criminal prosecution has the right "to meet the witnesses face to face[.]" It is an unqualified statement, to be sure. Nevertheless, the courts have never read it literally. In fact, the wording of the provision repeats, verbatim, a provision of the 1853 territorial code, which, in turn, was based on the common law. As the Oregon Supreme Court has observed, based on the framers' adoption of that codification of common-law principles, it is clear that Article I, section 11, "goes no further in its protections than does the rule at common law; that its adoption carried with it the well-established exceptions to the hearsay rule as known to the common law." *State ex rel. Gladden v. Lonergan*, 201 Or 163, 176, 269 P2d 491 (1954).

One such historical exception to the hearsay rule known to the common law applied to documentary evidence regarding collateral facts. As Cooley explained in his well-known, and much cited, treatise on constitutional law, "[t]he rule that the prisoner shall be confronted with the witnesses against him does not preclude such documentary evidence as would be admissible under the rules of the common law in other cases." Thomas M. Cooley, *A Treatise on the Constitutional Limitations* 318 n 2 (1868); *see also, e.g., Gaines v. Relf*, 53 US (12 How) 472, 570, 13 L Ed 1071 (1851) (recognizing "public or official writings" exception and noting that "[t]he same rule prevails in the courts of all of the states of this Union").

The Oregon Supreme Court recognized that very exception to Article I, section 11, early in this state's juridical history in *State v. Saunders*, 14 Or 300, 12 P 441 (1886), *overruled in part on other grounds by State v. Marsh*, 260 Or 416, 490 P2d 491 (1971). The court noted the rule that, ordinarily, a defendant has the right of confrontation. *Id.* at 304. Citing Cooley, the court then explained that the rule is subject to a number of exceptions:

> "The rule, although sanctioned by constitutional declaration, like all general rules, has its exceptions. It does not apply to such documentary evidence to establish collateral facts, as would be admissible under the rules of the common law in other cases."

*Id.*

In *State v. Conway*, 70 Or App 721, 690 P2d 1128 (1984), *rev den*, 298 Or 704 (1985), we applied the foregoing exception to the particular variety of public records at issue in the case before us now, that is, Intoxilyzer certifications. In that case, the trial court admitted an Intoxilyzer certification over the defendant's objections. On appeal, the defendant argued that the admission of the documents, without requiring oral testimony from the person who prepared them, violated his confrontation rights protected by Article I, section 11. The state argued that the documents were admissible under the public records exception to the hearsay rule and that the exception did not offend the Oregon Constitution. We agreed with the state, explaining that "there is no question but that the public records exception satisfies the constitution. As the state suggested in its brief, perhaps there is no other hearsay exception with a firmer basis in common law." *Conway*, 70 Or App at 724.

The Oregon Supreme Court revisited the scope of Article I, section 11, in *Campbell*. The precise issue before the court was the admissibility of hearsay testimony by a three-year-old victim of sexual abuse. *Campbell*, 299 Or at 647. The court concluded that, although the testimony was subject to an exception to the rule against hearsay, the admission of that testimony foundered on the failure of the state to establish the unavailability of the witness. *Id.* at 650-52. In the process, the court declared that, although it based its decision

on "independent and separate state grounds under Article I, section 11, of the Oregon Constitution," it nevertheless adopted the reasoning of existing United States Supreme Court case law arising under the Sixth Amendment to the federal constitution. *Campbell*, 299 Or at 647-48. Under that Sixth Amendment jurisprudence, the Oregon Supreme Court explained, the out-of-court statements of a witness who does not testify at trial satisfy a defendant's confrontation rights if the declarant is unavailable and if the out-of-court statements have adequate indicia of reliability. *Id.* at 648 (citing *Ohio v. Roberts*, 448 US 56, 66, 100 S Ct 2531, 65 L Ed 2d 597 (1980), *overruled on other grounds by Crawford v. Washington*, 541 US 36, 124 S Ct 1354, 158 L Ed 2d 177 (2004)).

We are hesitant to read too much into *Campbell*. Although the court employed broad phrasing in certain passages, it must be recalled that the court nevertheless was addressing a narrow issue—one that did not involve the sort of historical exception that the court itself previously had identified in *Saunders* and that we invoked in *Conway*. Certainly, the court gave no hint that it intended *Campbell*, in effect, to overrule its prior case law identifying the types of hearsay to which the confrontation protections of Article I, section 11, do not apply.

That, in any event, is how we have read *Campbell* in subsequent cases. In *State v. Hancock*, 111 Or App 92, 825 P2d 648 (1992), *aff'd on other grounds*, 317 Or 5, 854 P2d 926 (1993), for example, we addressed precisely that issue. After quoting the portion of *Campbell* that adopted the federal two-part test, we cautioned:

> "We believe that that statement must be read in the context of the issues raised in *Campbell* and does not establish an inflexible unavailability rule under the Oregon Constitution, applicable in every criminal case regardless of the circumstances. For example, the public records exception to the hearsay rule, OEC 803(8), is routinely used to admit hearsay statements contained in reports and documents such as Intoxilyzer inspection certificates. *See State v. Conway*, 70 Or App 721, 690 P2d 1128 (1984), *rev den*, 298 Or 704 (1985)."

*Hancock*, 111 Or App at 96 n 2.

Meanwhile, the Oregon Supreme Court returned to the scope of Article I, section 11, in *State v. Moore*, 334 Or 328, 49 P3d 785 (2002). At issue in that case was the admissibility of hearsay statements of a nontestifying witness under the excited utterance exception to the rule against hearsay. The state conceded on appeal that, under *Campbell*, the statements were inadmissible in the absence of proof of the unavailability of the declarant. The state's argument was that the court should abandon *Campbell* itself in light of more recent developments in the federal constitutional case law. The court declined the state's invitation. In the process, the court emphasized that the rule that it endorsed in *Campbell* was consistent with what the framers of the Oregon Constitution would have understood about the scope and effect of Article I, section 11. *Moore*, 334 Or at 338-39.

Again, we hesitate to read the Supreme Court's decision too broadly. As in *Campbell*, the issue before the court in *Moore* was narrow. It did not involve the sort of historical exception that is involved in this case and that the court recognized in prior cases such as *Saunders* and *Gladden*, in which the court held that "[t]here is nothing to indicate that the framers of our constitution intended thereby to do away with the well-established exceptions to the confrontation rule." *Gladden*, 201 Or at 177. In fact, the *Moore* court cited both cases, without suggesting that either was no longer good law. 334 Or at 339-40.

We therefore conclude that *Conway* remains good law. Under *Conway*, the unavailability requirement that otherwise may apply under Article I, section 11, does not apply in this case, because the framers of the Oregon Constitution would have understood public and official records to have constituted an exception to the confrontation rights guarantee. The trial court did not err in admitting the Intoxilyzer certifications in this case.

■ Defendant argues that, if Article I, section 11, does not require proof of unavailability, the Sixth Amendment does, under the United States Supreme Court's decision in *Crawford v. Washington*, 541 US 36, 124 S Ct 1354, 158 L Ed 2d 177 (2004). Defendant acknowledges that he did not

advance a Sixth Amendment argument before the trial court, but he urges us to entertain it for the first time on appeal as plain error. We decline defendant's invitation to address the unpreserved federal constitutional argument. Whether documentary evidence such as Intoxilyzer certification amounts to "testimony" for the purposes of federal constitutional analysis is far from plain. *See State v. Thackaberry*, 194 Or App 511, 516-17, 95 P3d 1142 (2004), *rev den*, 338 Or 17 (2005) (admissibility of laboratory report in DUII case in light of *Crawford* is not plain error).

Affirmed.