Argued and submitted November 3, affirmed December 7, 2005

### STATE OF OREGON,
*Respondent,*

*v.*

### ROBERT DAVID PARKS,
*Appellant.*

040732MI, 040833MI; A125296 (Control), A125297
(Cases Consolidated)

125 P3d 31

Peter Carini argued the cause and filed the brief for appellant.

Doug M. Petrina, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Linder and Wollheim, Judges.

PER CURIAM

## PER CURIAM

Defendant was convicted of two counts of driving under the influence of intoxicants (DUII). ORS 813.010. On appeal, he assigns error to the admission into evidence of certifications of the accuracy of the Intoxilyzer machine that produced the test result that was also admitted into evidence. He first argues that the certifications were not relevant, and, therefore, under OEC 402, they were inadmissible. We reject that argument under *State v. Mattila*, 52 Or App 743, 629 P2d 845 (1981).

Defendant also argues that the admission of the documents without the opportunity to cross-examine the technicians who prepared them violated his right to confront witnesses under Article I, section 11, of the Oregon Constitution[1] and the Sixth Amendment to the United States Constitution.[2] We rejected similar arguments in *State v. William*, 199 Or App 191, 193-97, 110 P3d 1114, *rev den*, 339 Or 406 (2005), and *State v. Norman*, 203 Or App 1, 4, 125 P3d 15 (2005).

Affirmed.

---

[1] Article I, section 11, of the Oregon Constitution provides, in part:

"In all criminal prosecutions, the accused shall have the right * * * to meet the witnesses face to face."

[2] The Sixth Amendment to the United States Constitution provides, in part:

"In all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him."