No. 530          July 31, 2024          147

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Scott PRATKA,
*Petitioner,*

*v.*

LABORERS INTERNATIONAL UNION OF
NORTH AMERICA,
LOCAL 483,
*Respondent.*

Employment Relations Board
FR00121
A179523

Argued and submitted June 6, 2024.

Rebekah Schultheiss (Millard) argued the cause for petitioner. Also on the briefs was Freedom Foundation.

Margaret S. Olney argued the case for respondent. Also on the brief was Bennett Hartman, LLP.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Jacquot, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

Petitioner seeks reversal of the Employment Relations Board's award of $3,000 in representation costs to respondent, in connection with the board's dismissal of petitioner's complaint against respondent for unfair labor practices. We affirm.

The board is statutorily authorized to award representation costs to the prevailing party. ORS 243.676(3)(b) ("Where the board finds that the person named in the complaint has not engaged in or is not engaging in an unfair labor practice, the board shall: (a) [i]ssue an order dismissing the complaint; and (b) [d]esignate the amount and award representation costs, if any, to the prevailing party."). By rule, the board has adopted a schedule to determine the amount of representation costs to be awarded. OAR 115-035-0055. Increasing amounts are awarded for a case dismissed without a hearing ($250), a case presented solely on stipulated facts ($1,000), a case that requires one day of hearing ($3,000), a case that requires more than one day of hearing ($5,000), and a case in which a civil penalty is imposed ("full amount of reasonable representation costs"). OAR 115-035-0055(1)(b)(A) - (E). The rule contains a variance, however, that applies when the losing party is also paying representation costs for their own attorney: "If a non-prevailing party had to rely on personal financial resources to litigate the matter, the prevailing party shall be awarded $500 in representation costs, unless the Board determines that a lesser award is more appropriate." OAR 115-035-0055(1)(b)(F). The board interprets "rely[ing] on personal financial resources to litigate the matter" to refer solely to using one's own money to pay attorney fees.

Petitioner argues that OAR 115-035-0055(1)(b)(F) is unconstitutional as applied to him. Petitioner was represented by *pro bono* counsel in the board proceeding. Because he did not have to pay attorney fees for his own representation, the board concluded that OAR 115-035-0055(1)(b)(F) did not apply, and it awarded the usual $3,000 in representation costs provided by OAR 115-035-0055(1)(b)(C) for a case that required a one-day hearing. Petitioner argues that the effect of OAR 115-035-0055(1)(b)(F) is to "punish" him for having *pro bono* counsel, by requiring him to pay a

higher fee award to the union upon losing his case than a litigant who could afford to pay counsel and thereby secure the benefit of the $500 cap in OAR 115-035-0055(1)(b)(F). Petitioner argues that OAR 115-035-0055(1)(b)(F) violated his free-speech rights under the First Amendment to the United States Constitution; his right to freedom of expression under Article I, section 8, of the Oregon Constitution; and the privileges and immunities clause of Article I, section 20, of the Oregon Constitution.

All of petitioner's constitutional arguments are unpreserved, having been raised for the first time on appeal. "No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court and is assigned as error in the opening brief in accordance with this rule, provided that the appellate court may, in its discretion, consider a plain error." ORAP 5.45(1). Contrary to the assertions in petitioner's opening brief, petitioner's claims of error are subject to the usual rules of preservation. *Wahlgren v. DMV*, 196 Or App 452, 457-58, 102 P3d 761 (2004) (holding that the preservation rules "apply on judicial review of decisions of administrative agencies" and apply to alleged constitutional violations); *see also, e.g.*, *Llewellyn v. Board of Chiropractic Examiners*, 318 Or 120, 127, 863 P2d 469 (1993) (declining to address a federal constitutional issue that was not raised in the administrative hearing and, thus, was not preserved).

Petitioner belatedly requests plain-error review in his reply brief. Even putting aside the timing and summary nature of that request, the claimed error does not meet the requirements for plain error. *See State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) (an error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without having to choose among competing inferences). In particular, it is far from "obvious" that OAR 115-035-0055(1)(b)(F) violates the First Amendment, Article I, section 8, or Article I, section 20.[1] Because any error is not "plain," we cannot consider petitioner's unpreserved arguments.

---

[1] As our case law demonstrates, novel constitutional arguments are particularly ill suited to plain-error review. *See, e.g.*, *State v. Powell*, 322 Or App 37, 44, 518 P3d 949 (2022), *rev den*, 370 Or 740 (2023) (concluding that the alleged

Affirmed.

---

error was not "plain," where we were "not satisfied that any constitutional right to continuity of counsel is well enough established to be obvious and not open to reasonable dispute"); *State v. William*, 199 Or App 191, 198, 110 P3d 1114, *rev den*, 339 Or 406 (2005) (declining to address an unpreserved claim of federal constitutional error, because the issue raised was "far from plain").