George W. MARSHALL *v.* STATE of Arkansas

CA CR 88-186                                      770 S.W.2d 177

Court of Appeals of Arkansas
Division II
Opinion delivered May 10, 1989

*William R. Simpson, Jr.*, Public Defender, *Jerry Sallings*, Deputy Public Defender, by: *Bret Qualls*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., *Lynley Arnett*, Asst. Att'y Gen., for appellee.

JOHN E. JENNINGS, Judge. George Marshall was convicted by a jury in Pulaski County Circuit Court of conspiracy to commit aggravated robbery and was sentenced to thirty years imprisonment. The conviction was supported by the testimony of Larry Mickel and Terry Wilkins, both of whom were officers with the North Little Rock Police Department. Both were working undercover when they first met Mr. Marshall at the Bel-Air Motel. Not long afterwards, the appellant asked Mickel and Wilkins to help him commit a burglary at the Otter Creek Pharmacy in Little Rock. Mickel and Wilkins pretended to agree and drove with the appellant to the pharmacy at night. Because there was a security guard on duty, the appellant decided against burglarizing the pharmacy. Instead, he invited the officers to join him in an armed robbery of a convenience store, and asked them to steal a getaway car. The officers had a vehicle used in undercover work brought to a North Little Rock parking lot and, with Marshall present, they pretended to steal it. After the appellant was unsuccessful in obtaining a .44 magnum pistol he suggested that the three of them buy a toy pistol, which they did. The three then drove around in the Southwest Little Rock area looking for a store to rob. Mr. Marshall picked out an Exxon station as the target and told Mickel to stay in the car. Appellant left with the toy pistol, but was arrested before any robbery was committed.

On appeal the sole argument is that the trial court erred in refusing to submit to the jury the status of Officers Mickel and Wilkins as accomplices. We find no error and affirm.

■ Where a law enforcement officer feigns friendship or complicity in the commission of a crime in order to obtain incriminating evidence, he is not an accomplice. 3 C. Torcia, *Wharton's Criminal Evidence* § 611, at 750 (14th ed. 1985). The absence of mens rea precludes it. *Id.* at 750. "The case of a *pretended confederate*, who as detective, spy, or decoy, associates with the wrongdoers in order to obtain evidence is distinct from that of an accomplice, although the distinction may sometimes be difficult of application." J. Wigmore, *Wigmore on Evidence* § 2060, at 447 (Chadbourn rev. 1978).

■ One's status as an accomplice is a mixed question of law and fact and the issue must be submitted to the jury where there is

any evidence to support a jury's finding that the witness was an accomplice. *Earl* v. *State*, 272 Ark. 5, 612 S.W.2d 98 (1981). But where there is no conflict in the evidence as to a witness's participation in a crime, or where his participation therein is conceded, the question whether the witness is an accomplice is one of law for the trial judge to determine. *Wharton's Criminal Evidence, supra,* at 752. *See also Brizendine* v. *State*, 4 Ark. App. 19, 627 S.W.2d 26 (1982).

In the case at bar, the evidence was undisputed that Officers Mickel and Wilkins were merely "feigned" accomplices. Indeed, it is conceded on appeal that both were operating as undercover police officers. Under these circumstances, we hold that the trial court did not err in refusing to submit their status as accomplices to the jury.

Affirmed.

MAYFIELD and ROGERS, JJ., agree.