2003 ND 6

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Justin T. HAMMEREN, Defendant and Appellant.**

No. 20020187.

Supreme Court of North Dakota.

Jan. 17, 2003.

Brandi Sasse Russell, Assistant State's Attorney, Bismarck, ND, for plaintiff and appellee.

Michael R. Hoffman, Bismarck, ND, for defendant and appellant.

KAPSNER, Justice.

[¶ 1] Justin T. Hammeren appealed from a criminal judgment entered following a jury verdict finding him guilty of delivery of a controlled substance. We conclude the trial court did not err in denying Hammeren's motion for judgment of acquittal based on entrapment as a matter of law or in denying Hammeren's requested jury instructions regarding contributing to the delinquency of a minor. We affirm.

I.

[¶ 2] On November 30, 2000, law enforcement officers received information from an adult confidential informant that Hammeren, age 16 at the time, was involved in drug-related activity. The confidential informant stated to law enforcement officers that he had purchased drugs from Hammeren in the past. Officers met with the confidential informant at his house where the confidential informant made two tape-recorded telephone calls to Hammeren to set up a meeting. Hammeren agreed to let the confidential informant come over to Hammeren's house to purchase drugs. A radio transmitter was placed on the confidential informant and he was given $300 to buy three grams of cocaine and an undetermined amount of lysergic acid diethylamide (LSD). The confidential informant rode with a deputy to Hammeren's house. Once inside the house, Hammeren told the confidential informant he did not have any cocaine left but sold him fifteen "hits" of LSD for $150. A petition dated July 20, 2001, an amended petition dated September 5, 2001, and an amendment to petition dated September 17, 2001, were filed with the juvenile court alleging Hammeren was a delinquent child, who willfully committed the delinquent act of delivery of a controlled substance.

[¶ 3] Jurisdiction was transferred from juvenile court to the district court under N.D.C.C. § 27–20–34 and on September 28, 2001, Hammeren was charged by information with delivery of a controlled substance (LSD), in violation of N.D.C.C. §§ 19–03.1–23 and 19–03.1–05(5)(s).

[¶ 4] Prior to trial, Hammeren requested jury instructions on entrapment and

contributing to the delinquency of a minor. The trial court instructed the jury on the affirmative defense of entrapment, but denied Hammeren's request to give the jury instructions regarding contributing to the delinquency of a minor. The State objected to the instruction on entrapment but has not cross-appealed the trial court's decision to instruct the jury on that issue. A trial was held on May 2, 2002. After the State rested, Hammeren made a motion for judgment of acquittal under Rule 29, N.D.R.Crim.P. Hammeren requested the court to find entrapment as a matter of law due to the State's violation of N.D.C.C. § 14–10–06, contributing to the delinquency of a minor. The court denied Hammeren's motion, and the jury found him guilty of delivery of a controlled substance.

## II.

■ [¶ 5] Hammeren argues the trial court erred in denying his motion for judgment of acquittal because he was entrapped as a matter of law. Hammeren contends law enforcement officers violated the law by contributing to the delinquency of a minor since he was 16 years old at the time of the sale, and the officers' actions constitute entrapment as a matter of law. Hammeren's argument is confusing because it blends the issues of contributing to the delinquency of a minor and entrapment as a matter of law.

■ [¶ 6] Under Rule 29, N.D.R.Crim.P., a court can order the entry of judgment of acquittal of one or more offenses charged "if the evidence is insufficient to sustain a conviction of such offense or offenses." Thus, "a motion for a judgment of acquittal is properly granted only if the evidence is insufficient to sustain a conviction of the offenses charged." *State v. Ohnstad*, 359 N.W.2d 827, 834 (N.D.

1984). In deciding a motion for judgment of acquittal, "the trial court, upon reviewing the evidence most favorable to the prosecution, must deny the motion if there is substantial evidence upon which a reasonable mind could find guilt beyond a reasonable doubt." *State v. Steinbach*, 1998 ND 18, ¶ 16, 575 N.W.2d 193. We will sustain a guilty verdict under our standard of review "if 'upon reviewing the evidence in a light most favorable to the verdict, we determine that there is substantial evidence to support it.'" *State v. Jones*, 557 N.W.2d 375, 377 (N.D.1996) (quoting *Ohnstad*, 359 N.W.2d at 834).

■ [¶ 7] Hammeren argues he was entrapped as a matter of law; therefore the trial court erred in denying his motion for judgment of acquittal. The entrapment defense is set out in N.D.C.C. § 12.1–05–11(2):

A law enforcement agent perpetrates an entrapment if, for the purpose of obtaining evidence of the commission of a crime, the law enforcement agent induces or encourages and, as a direct result, causes another person to engage in conduct constituting such a crime by employing methods of persuasion or inducement which create a substantial risk that such crime will be committed by a person other than one who is ready to commit it. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.[1]

Entrapment is an affirmative defense. N.D.C.C. § 12.1–05–11(1). The defendant has the burden of proving, by a preponderance of evidence, an affirmative defense. N.D.C.C. § 12.1–01–03(3); *City of Bismarck v. Nassif*, 449 N.W.2d 789, 796 (N.D.1989). Whether a person has been entrapped "'is almost invariably a ques-

---

1. Because the State has not raised the issue, we have not examined whether on the facts of this case, Hammeren was entitled to an instruction on entrapment.

tion of fact, and a court can only find entrapment as a matter of law where the facts and their inferences supporting a finding of entrapment are undisputed.'" *State v. Baumgartner*, 2001 ND 202, ¶ 16, 637 N.W.2d 14 (quoting *State v. Murchison*, 541 N.W.2d 435, 441 (N.D.1995)).

[¶ 8] Hammeren argues he was entrapped as a matter of law under *State v. Kummer*, 481 N.W.2d 437 (N.D.1992). In *Kummer*, we concluded that entrapment as a matter of law was established when the undisputed facts of the case demonstrated the police used unlawful means to induce the crime. *Id.* at 438. The unlawful means used by law enforcement officers, in *Kummer*, consisted of furnishing cocaine obtained from the evidence room at the police department, without authorization, to an informant to sell to Kummer. *Id.* at 443. The focus in *Kummer* was on the outrageous police conduct used to induce the accused to commit a crime.

[¶ 9] The facts in this case are distinguishable from the facts in *Kummer*. The alleged entrapment in this case consisted of a confidential informant calling Hammeren at his house, inviting the sale, and completing the purchase with funds supplied by the police. The confidential informant had purchased drugs from Hammeren prior to this sale. Hammeren invited the confidential informant over to his house to complete the sale. Law enforcement officers did not provide the LSD to the confidential informant to complete the sale; Hammeren possessed the LSD that was sold to the confidential informant. There is nothing in the facts of this case to indicate law enforcement officers engaged in outrageous conduct.

[¶ 10] "Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment." N.D.C.C. § 12.1–05–11. Neither does "[t]he mere fact that an acquaintance per-

suaded [the defendant] to make the sale[,]" *State v. Overby*, 497 N.W.2d 408, 414 (N.D. 1993), nor does the hiring of an informant by law enforcement officers establish entrapment as a matter of law. *See Murchison*, at 441; *State v. Nehring*, 509 N.W.2d 42, 45 (N.D.1993).

[¶ 11] We conclude the facts of this case do not establish entrapment as a matter of law. There is substantial evidence in the record to support the guilty verdict; thus the trial court did not err in denying Hammeren's motion for judgment of acquittal.

### III.

[¶ 12] Hammeren also argues the trial court should have instructed the jury on the offense of contributing to the delinquency of a minor. The jury instructions requested by Hammeren included: (1) an instruction on the defense of police misconduct and contributing to the delinquency of a minor; (2) the burden of proof for contributing to the delinquency of a minor; and (3) an instruction adding an element to the offense charged which would require the State to disprove that law enforcement officers contributed to the delinquency of a minor.

[¶ 13] "This Court reviews jury instructions as a whole, and determines 'whether they correctly and adequately inform the jury of the applicable law, even though part of the instructions when standing alone may be insufficient or erroneous.'" *State v. Schumaier*, 1999 ND 239, ¶ 9, 603 N.W.2d 882 (quoting *State v. Wilson*, 1999 ND 34, ¶ 11, 590 N.W.2d 202). "It is well settled that if the instructions to the jury, when considered in their entirety, correctly advise the jury as to the applicable law, there is no error even though the trial court refused to submit a requested instruction which itself

was a correct statement of the law." *State v. Ferguson*, 391 N.W.2d 172, 176 (N.D. 1986).

[¶ 14] Hammeren contends that because he was 16 years old at the time of the sale, law enforcement officers violated the law when they "acted to willfully encourage, cause, or contribute to the delivery of controlled substances by a minor." Section 14–10–06(1), N.D.C.C., provides: "[a]ny person who by any act willfully encourages, causes, or contributes to the delinquency or deprivation of any minor is guilty of a class A misdemeanor."

[¶ 15] Hammeren's argument asserts that § 14–10–06, N.D.C.C., establishes a policy which would prohibit police from using law enforcement tactics commonly used against adult offenders, such as having a confidential informant make a controlled purchase, when the target of the investigation is a minor. This argument is countermanded by the legislature's enactment of N.D.C.C. § 27–20–34. Section 27–20–34, N.D.C.C., acknowledges that minors will be engaged in drug-related activity and declares those minors should be prosecuted as adults if certain circumstances exist. Section 27–20–34(1)(b), N.D.C.C., in part, provides:

> After a petition has been filed alleging delinquency based on conduct which is designated a crime or public offense under the laws, including local ordinances or resolutions of this state, the court before hearing the petition on its merits shall transfer the offense for prosecution to the appropriate court having jurisdiction of the offense if:
>
> . . .

> b. The child was fourteen years of age or more at the time of the alleged conduct and the court determines that there is probable cause to believe the child committed the alleged delinquent act and the delinquent act involves the offense of . . . the manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance in violation of subdivision a or b of subsection 1 of section 19–03.1–23, except for the manufacture, delivery, or possession with intent to manufacture or deliver marijuana in an amount less than one pound [.45 kilograms][.]

A juvenile judge's authority to transfer a minor from juvenile court to the district court implies that "society has acknowledged that certain actions taken by juveniles may signal an end to childhood." *In Interest of M.D.N*, 493 N.W.2d 680, 683 (N.D.1992). "As a result, the allowances made for the juvenile's lesser moral and social development will no longer be tolerated or accepted." *Id.* Because § 27–20–34, N.D.C.C., was enacted to treat minors as adults for purposes of prosecution when they engage in certain types of criminal activity, it is logical to conclude law enforcement officers are entitled to investigate and prosecute minors engaged specifically in drug-related activity the same way they would an adult.[2] We note in this case the police had information that Hammeren had sold to this confidential informant prior to the sale in this case. Thus, there is no indication law enforcement officers encouraged Hammeren to do something he had never done before. We conclude, under the facts of this case, the trial court did not err in refusing to give the jury the

---

**2.** Other jurisdictions have approached a similar issue by concluding it is the role of the district attorney, not the trial court, to decide whether to charge the deputy with violating a criminal statute, such as contributing to the delinquency of a minor. *See State v. Bonilla*, 127 N.M. 566, 985 P.2d 168, 171 (1999); *In People in Interest of M.N.*, 761 P.2d 1124, 1131 (Colo.1988).

requested instructions concerning contributing to the delinquency of a minor.

## VI.

[¶ 16] The trial court did not err in denying Hammeren's motion for judgment of acquittal based on entrapment as a matter of law or in denying Hammeren's requested jury instructions regarding contributing to the delinquency of a minor. We affirm the judgment of the trial court.

[¶ 17]MARY MUEHLEN MARING, WILLIAM A. NEUMANN, and DALE V. SANDSTROM, JJ., concur.

VANDE WALLE, Chief Justice, concurring in the result.

[¶ 18] I believe Hammeren's argument blending the issues of contributing to the delinquency of a minor and entrapment as a matter of law is the result of the majority opinion in *State v. Kummer*, 481 N.W.2d 437 (N.D.1992). I concurred specially in *Kummer* stating:

> But rather than confuse what heretofore has been a clear judicial exposition of a clear legislative statute on the law of entrapment by attempting to tug and stretch the concept of entrapment so that it fits our view of the case, I believe we should confront the issue directly and declare that as a matter of public policy we will not sustain a conviction obtained by intolerable conduct on the part of law enforcement agents, notwithstanding the entrapment statute. That is a neater and more candid position for this court.

*Kummer*, at 445 (VandeWalle, J., concurring specially)(footnote omitted).

[¶ 19] I adhere to that rationale in this case. However, for the reasons stated by Justice Kapsner at ¶ 15 of the majority opinion, I agree the action on the part of law enforcement was not intolerable conduct in this instance.

[¶ 20] GERALD W. VANDE WALLE, C.J.