Filed 12/13/11 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2011 ND 238

State of North Dakota, Plaintiff and Appellee

v.

Kari Ann Marie Schmidt, Defendant and Appellant

No. 20110082

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Steven E. McCullough, Judge.

AFFIRMED AND REMANDED.

Opinion of the Court by Crothers, Justice.

Tracy Jo Peters (argued), Assistant State’s Attorney, and Stephen Welle (on brief), third-year law student, P.O. Box 2806, Fargo, N.D. 58108-2806, for plaintiff and appellee.

Robin L. Olson, Olson Law Office, 5 West Alder Street, Suite 302, Walla Walla, Wash., for defendant and appellant.

State v. Schmidt

No. 20110082

Crothers, Justice.

[¶1] Kari Ann Schmidt appeals from a criminal judgment entered after a bench trial finding her guilty of criminal attempt to possess methamphetamine.  We affirm the judgment, concluding 
substantial evidence exists to warrant the conviction
 
and a rational trier of fact could find Schmidt failed to prove entrapment by a preponderance of the evidence
.  However, because the judgment erroneously states that it was entered upon a guilty plea, we remand to the district court to correct this clerical error.

I

[¶2] In August 2010, a West Fargo police officer, assigned to the Drug Enforcement Administration Task Force, arranged for a confidential informant to attempt to sell methamphetamine to Schmidt.  The officer testified the confidential informant contacted him two to three weeks earlier and told him Schmidt was actively buying and selling methamphetamine and wanted to purchase a large quantity of methamphetamine.  The confidential informant and Schmidt exchanged text messages and spoke on the telephone, discussing a methamphetamine transaction.  The confidential informant and Schmidt planned to meet at a West Fargo motel parking lot where Schmidt would bring money to purchase one-half of an ounce of methamphetamine.

[¶3] The following morning at 1:39 a.m., the officer, working undercover, and the confidential informant drove to the motel parking lot and waited for Schmidt.  Schmidt testified she left work in Jamestown about 11:30 p.m. and drove to Fargo to make the transaction.  After Schmidt arrived at the motel parking lot and parked near the confidential informant’s car, the informant, carrying a concealed digital recorder, got out of her vehicle and entered Schmidt’s vehicle.  The confidential informant testified Schmidt looked nervous and felt around the informant’s pockets and clothing, but did not find the recording device.  Schmidt acknowledged at trial that she was looking for a “wire.”

[¶4] Once the confidential informant was in the vehicle, Schmidt gave the informant $1,200 to purchase the methamphetamine.  The informant left Schmidt’s vehicle with the money.  Law enforcement officers moved in and arrested Schmidt.  The West Fargo police officer testified that he had not actually brought any methamphetamine to the motel parking lot because they “didn’t have more than 3 or 4 officers present to help do surveillance and take down, so [the officer] was actually worried about [Schmidt] getting away with a half ounce of methamphetamine.”

[¶5] Schmidt was charged with attempt to possess methamphetamine, a class C felony, and a bench trial was held in the district court.  Schmidt raised the defense of entrapment.  The court found Schmidt did not present sufficient evidence to establish an entrapment defense and found her guilty of criminal attempt to possess methamphetamine.

II

[¶6] Schmidt argues sufficient evidence existed to raise an affirmative defense of entrapment.  Schmidt further contends she presented enough facts for the trial court to rule she was entrapped as a matter of law. 

[¶7] “Our standard of review for a criminal trial before the district court without a jury is the same as a trial with a jury.”  
State v. Corman
, 2009 ND 85, ¶ 8, 765 N.W.2d 530; 
see
 
State v. Nehring
, 509 N.W.2d 42, 44 (N.D. 1993); 
State v. Johnson
, 425 N.W.2d 903, 906 (N.D. 1988).  Regarding sufficiency of evidence challenges, we have said:

“In an appeal challenging the sufficiency of the evidence, we look only to the evidence and reasonable inferences most favorable to the verdict to ascertain if there is substantial evidence to warrant the conviction.  A conviction rests upon insufficient evidence only when, after reviewing the evidence in the light most favorable to the prosecution and giving the prosecution the benefit of all inferences reasonably to be drawn in its favor, no rational fact finder could find the defendant guilty beyond a reasonable doubt.  In considering a sufficiency of the evidence claim, we do not weigh conflicting evidence, or judge the credibility of witnesses.”

 

Corman
, at ¶ 8 (quotation omitted).  Similarly, when this Court reviews a challenge to a “‘factual conclusion that entrapment did not occur, we do not weigh conflicting evidence, nor do we judge the credibility of witnesses; instead, we look only to the evidence and its reasonable inferences most favorable to the verdict to see if substantial evidence exists to warrant a conviction.’”  
State v. Murchison
, 541 N.W.2d 435, 440-41 (N.D. 1995) (quoting 
Nehring
, 509 N.W.2d at 44); 
accord
 
State v. Lively
, 921 P.2d 1035, 1043 (Wash. 1996) (“The appropriate standard of review [for sufficiency of the evidence when a defendant is required to prove an affirmative defense by a preponderance of the evidence] is whether, considering the evidence in the light most favorable to the State, a rational trier of fact could have found that the defendant failed to prove the defense by a preponderance of the evidence.”).

[¶8] Entrapment is an affirmative defense.  N.D.C.C. § 12.1-05-11(1).  Section 12.1-05-11(2), N.D.C.C., sets out the defense:

“A law enforcement agent perpetrates an entrapment if, for the purpose of obtaining evidence of the commission of a crime, the law enforcement agent induces or encourages and, as a direct result, causes another person to engage in conduct constituting such a crime by employing methods of persuasion or inducement which create a substantial risk that such crime will be committed by a person other than one who is ready to commit it.  
Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment
.” 

 

(Emphasis added.)  “In this section ‘law enforcement agent’ includes personnel of federal and local law enforcement agencies as well as state agencies, and any person cooperating with such an agency.”  N.D.C.C. § 12.1-05-11(3).

[¶9] The defendant has the burden of proving an affirmative defense by a preponderance of evidence.  N.D.C.C. § 12.1-01-03(3); 
State v. Hammeren
, 2003 ND 6, ¶ 7, 655 N.W.2d 707.  “The State is not required to prove the nonexistence of an affirmative defense beyond a reasonable doubt.”  
State v. Schmidt
, 2002 ND 43, ¶ 4, 640 N.W.2d 702 (citing N.D.C.C. § 12.1-01-03).  “Whether a person has been entrapped ‘is almost invariably a question of fact, and a court can only find entrapment as a matter of law where the facts and their inferences supporting a finding of entrapment are undisputed.’”  
Hammeren
, at ¶ 7 (quoting 
State v. Baumgartner
, 2001 ND 202, ¶ 16, 637 N.W.2d 14). 

[¶10] Schmidt argues she was entrapped as a matter of law under 
State v. Kummer
, 481 N.W.2d 437 (N.D. 1992) (undisputed facts showed “outrageous” police conduct when police used unlawful means to induce the defendant to commit the crime).  Schmidt contends law enforcement officers, after being approached by a “seasoned paid informant,” targeted Schmidt knowing she was an addicted person trying to “stay clean.”  Schmidt claims law enforcement sought her out by calling her cell phone and sending text messages to entice her to purchase methamphetamine from the informant.  Schmidt argues that after she sent a text message to the informant stating she was not interested, law enforcement further tempted her by making the purchase price “too good to pass up,” playing on her addiction and vulnerability.  Schmidt asserts she was not ready to commit the crime.  Although the law enforcement conduct here, i.e., offering to sell illicit drugs to a purported addict, would not necessarily create “a substantial risk that such crime will be committed by a person other than one who is ready to commit it,” Schmidt argues that making the methamphetamine price “too good” when dealing with an addict is offensive and outrageous law enforcement conduct.  We have said, however, that entrapment is not established by law enforcement conduct “merely affording a person an opportunity” to commit a crime.  
Hammeren
, 2003 ND 6, ¶ 10, 655 N.W.2d 707.  “Neither does ‘[t]he mere fact that an acquaintance persuaded [the defendant] to make the sale[,]’ 
State v. Overby
, 497 N.W.2d 408, 414 (N.D.1993), nor does the hiring of an informant by law enforcement officers establish entrapment as a matter of law.  
See
 
Murchison
, [541 N.W.2d] at 441; 
State v. Nehring
, 509 N.W.2d 42, 45 (N.D.1993).”  
Hammeren
, at ¶ 10.

[¶11] In 
Hammeren
, 2003 ND 6, ¶ 9, 655 N.W.2d 707, for example, the defendant alleged entrapment because the confidential informant had called the defendant at his house, invited the sale, and completed the purchase with police-supplied funds.  We held, however, the facts did not establish “outrageous” police conduct and observed the informant had previously purchased drugs from the defendant, the defendant invited the informant to his house to complete the sale, law enforcement officers did not provide the drugs to complete the sale, and the defendant possessed the drugs sold to the informant.  
Id.
 at ¶ 9.  Instructively, this Court has also discussed the level of “outrageous government conduct” necessary to prove a due process violation in 
State v. Hoverson
, 2006 ND 49, ¶¶ 6-8, 710 N.W.2d 890.  We explained that such a defense is “reserved only for ‘the most intolerable government conduct’” and usually arises “where government agents have been involved in sting operations and is used in place of an entrapment defense.”  
Id.
 at ¶ 7 (quotation omitted).  However, “it is extremely rare to conclude that a defendant's due process rights were violated by the government's outrageous conduct.”  
Id.
  We explained that “[g]overnment conduct is not outrageous simply because it may be somewhat offensive” and “to succeed with an outrageous government conduct defense, the defendant must show that the government’s conduct is so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction.”  
Id.
 (quotations omitted).  “The level of outrageous conduct necessary to prove a due process violation is quite high and must shock the conscience of the court.”  
Id.
  In this case, there was no unlawful conduct by law enforcement, nor does the law enforcement conduct “shock the conscience” of this Court.  We conclude in this case that law enforcement conduct in allegedly offering methamphetamine at “too good” of a price to a purported drug addicted person is not such “outrageous conduct” to constitute entrapment as a matter of law.

[¶12] Although Schmidt argues entrapment as a matter of law, entrapment is invariably a question of fact, and is only a matter of law “where the facts and their inferences supporting a finding of entrapment are undisputed.”  
Hammeren
, 2003 ND 6, ¶ 7, 655 N.W.2d 707 (quoting 
Baumgartner
, 2001 ND 202, ¶ 16, 637 N.W.2d 14).  The issue of whether Schmidt established her affirmative defense of entrapment was tried to the district court, and the court made its decision based on the facts presented at trial.  Regarding whether Schmidt established entrapment, the court stated:

“Whether or not there is an entrapment here we need to look at-the State is right-not only the conduct of the law enforcement officer, but also the subjective predisposition to commit a crime.  The language of the statute says a law enforcement agent perpetrates an entrapment if for the purpose of obtaining evidence of the commission of a crime the law enforcement agent induces or encourages and as a direct result causes another person to engage in conduct constituting such a crime by employing methods or [sic] of persuasion or inducement which create a substantial risk that such crime will be committed by a person other than one who is ready to commit it.  I don’t find that there is the sufficient evidence that’s an affirmative defense.  I don’t find there is a sufficient evidence to provide for the entrapment defense in this case.  Accordingly, I will find the defendant guilty of the offense.” 

 

In this case, the facts and inferences supporting a finding of entrapment were disputed.

[¶13] At trial, the confidential informant testified she knew Schmidt because the informant’s aunt and a friend were friends with Schmidt.  The confidential informant testified that she had seen Schmidt smoking a methamphetamine pipe at the informant’s aunt’s house and that Schmidt had previously indicated interest in purchasing methamphetamine.  Additionally, Schmidt testified that the “great deal” persuaded her to attempt to purchase the methamphetamine, stating the informant “was giving [her] something that was such a great deal [she] couldn’t turn it down.”  Schmidt testified she had a drug addiction and relapsed “[a]pproximately mid to end of ‘09.”  

[¶14] Schmidt also admitted to prior drug convictions.  Testimony at trial established Schmidt drove from Jamestown to Fargo, met with the confidential informant, allowed the informant into her car, “frisked” the informant looking for a wire, handed $1,200 in cash to the informant and allowed the informant to leave her vehicle with the money.  Schmidt also testified she expected the informant to return in a short time with one-half ounce of methamphetamine for her.  “Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.”  N.D.C.C. § 12.1-05-11(2).

[¶15] In this case, conflicting testimony from the defendant and from the confidential informant exists regarding the amount of contact and “encouragement” necessary to consummate the attempted drug deal.  The court found Schmidt failed to prove her affirmative defense by a preponderance of the evidence.  Viewing 
the evidence and its reasonable inferences most favorable to the trial court’s decision, we conclude that substantial evidence exists to warrant the conviction
 
and that a rational trier of fact could find Schmidt failed to prove the entrapment by a preponderance of the evidence.
  We also conclude the facts of this case do not establish entrapment as a matter of law.

III

[¶16] Schmidt argues that under N.D.C.C. § 12.1-06-01(3) the district court erred in sentencing her for a class C felony, rather than for a class A misdemeanor, because at sentencing the court did not consider the level of the charge or address whether the attempt came “dangerously close to the commission of the crime.”  

[¶17] Although Schmidt argues on appeal that she should have been sentenced to a lower level of the offense, this issue was not presented to the district court during the sentencing hearing.  Schmidt had pursued some questioning at trial possibly seeking to establish a lower level of the offense was warranted, and the district court acknowledged at the time that there may be sentencing issues.  However, at the time of sentencing, Schmidt did not argue
 for sentencing at a lower level based on N.D.C.C. § 12.1-06-01(3).  
An issue is waived when the defendant fails to raise the issue before or during trial, or before sentencing.  
See
 
State v. McElya
, 2011 ND 137, ¶ 3, 799 N.W.2d 373.  
We conclude the issue has been waived.

IV

[¶18] We affirm the criminal judgment, but remand to the district court to correct a clerical error because the judgment erroneously states it was entered based on a guilty plea, rather than after a bench trial.  
See, e.g.
, 
State v. Thompson
, 2010 ND 10, ¶ 33, 777 N.W.2d 617.

[¶19] Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner

Dale V. Sandstrom

Gerald W. VandeWalle, C.J.