# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 71

State of North Dakota,                                                       Plaintiff and Appellee

v.

Bhim Kumar Rai,                                                       Defendant and Appellant

No. 20180244

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Wade L. Webb, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Chief Justice.

Reid A. Brady, Assistant State's Attorney, Fargo, ND, for plaintiff and appellee.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant.

**VandeWalle, Chief Justice.**

[¶1]    Bhim Kumar Rai appealed from a criminal judgment entered on a jury verdict finding him guilty of patronizing a minor for commercial sexual activity in violation of N.D.C.C. § 12.1-41-06(1)(b), a class B felony. We affirm the criminal judgment.

I

[¶2]    In September 2017, Fargo police implemented an undercover operation to apprehend individuals using the internet to arrange sexual encounters with minors. The operation posted an ad on the BackPage website describing an eighteen-year-old woman. Sixty-two different phone numbers responded to the ad, but after text conversations revealing the woman was fourteen, only two individuals agreed to meet her at a hotel. One of these individuals was Rai, a refugee from Nepal. Fargo police officers arrested Rai when he arrived at the hotel room. Rai was read his *Miranda* rights and interrogated by two officers in the hotel room for approximately forty minutes. Other operation members were also in the room. Rai's phone was seized and placed in "airplane mode." During the interrogation, the officers read Rai messages from his conversation with the undercover officer and asked Rai for the pass code to his phone.

[¶3]    Rai later filed a motion to suppress evidence, arguing the officers unlawfully searched his phone and he did not validly waive his *Miranda* rights. The motion was denied. The case was tried to a jury in May 2018. At trial, the State put the text message conversation between Rai and the undercover officer into evidence. At the end of the State's case, Rai moved for a judgment of acquittal under N.D.R.Crim.P. 29(a). The district court denied the motion. After deliberation, the jury rejected Rai's affirmative defense of entrapment and entered a guilty verdict.

1

[¶4]   On appeal, Rai argues his Fourth Amendment right against unlawful search and seizure was violated, his Fifth and Sixth Amendment rights were violated when officers detained and questioned him without an interpreter or counsel, the evidence was insufficient to find him guilty of patronizing a minor for commercial sexual activity, and a rational fact-finder would have found he proved the affirmative defense of entrapment by a preponderance of the evidence.

II

[¶5]   "[A] trial court's disposition of a motion to suppress will not be reversed if, after conflicts in the testimony are resolved in favor of affirmance, there is sufficient competent evidence fairly capable of supporting the trial court's findings, and the decision is not contrary to the manifest weight of the evidence." *State v. Montgomery*, 2018 ND 20, ¶ 4, 905 N.W.2d 754. This standard of review "recognizes the importance of the trial court's opportunity to observe the witnesses and assess their credibility, and we accord great deference to its decision in suppression matters." *Id*. We do not conduct a de novo review of the findings of fact, but questions of law are fully reviewable. *Id.* Whether findings of fact meet a legal standard is a question of law. *Id*.

[¶6]   Rai argues the district court should have suppressed the messages from his cell phone because the officer placed the phone in "airplane mode." Based on the officers' testimony, the court found Rai's phone was not searched before the officers received a warrant. Significantly, the court also found the messages read by the officers during Rai's interrogation and entered into evidence were from the undercover officer's cell phone. We conclude the district court's denial of Rai's motion to suppress was based on sufficient competent evidence and was not contrary to the manifest weight of the evidence.

[¶7]   The text message conversation between Rai and the undercover officer read during Rai's interrogation and submitted at trial was lawfully discovered evidence. Rai voluntarily texted the phone number provided in the sting operation's

advertisement and those messages were passed on from one officer to another. The messages entered into evidence were lawfully obtained from the undercover officer's, not Rai's, cell phone, so there is no evidence to suppress based on alleged Fourth Amendment violations. *See State v. Gregg*, 2000 ND 154, ¶ 52, 615 N.W.2d 515.

## III

[¶8] Rai argues the district court should have suppressed evidence from his interrogation because he did not voluntarily, knowingly, or intelligently waive his *Miranda* rights. Rai asserts that officers should have provided an interpreter to ensure he understood his *Miranda* rights. The district court found that, while English is not Rai's first language, the totality of the circumstances indicated Rai knowingly, voluntarily, and intelligently waived his *Miranda* rights.

[¶9] "The adequacy of *Miranda* warnings involves a question of fact for the trial court to resolve, based on the circumstances of each case." *State v. Webster*, 2013 ND 119, ¶ 7, 834 N.W.2d 283. This Court "considers the totality of the circumstances to determine whether or not a *Miranda* waiver is made voluntarily, knowingly, and intelligently." *Id*. The ultimate question is whether the defendant received "a clear and understandable warning of his rights." *Id*. at ¶ 10.

[¶10] This Court focuses on two elements when determining whether statements to law enforcement are voluntary:

> (1) the characteristics and conditions of the accused at the time of the confession, including age, sex, race, education level, physical and mental condition, and prior experience with police; and
> (2) the details of the setting in which the confession was obtained, including the duration and conditions of detention, police attitude toward the defendant, and the diverse pressures that sap the accused's powers of resistance or self-control.

*State v. Hunter*, 2018 ND 173, ¶ 22, 914 N.W.2d 527. This Court gives deference to the district court's determination of voluntariness and will not reverse the court's decision unless it is contrary to the manifest weight of the evidence. *Id*. at ¶ 23.

3

[¶11]   Here, Rai was a twenty-six-year-old refugee from Nepal who had been in the United States since 2011. Rai was interrogated in a two bedroom hotel room for approximately forty minutes by two officers sitting close to him with other officers also in the room. The officers testified that Rai appeared nervous, similar to other individuals in his situation. Rai had taken part in the lengthy text message conversation in English, told police he spoke "a little bit" of English, and officers testified that he appeared to understand his rights and follow the conversation. Testimony established officers would rephrase a question if they were concerned Rai did not understand, did not yell or raise their voices, and did not try to trick Rai.

[¶12]   The district court found the *Miranda* warnings were effectively presented in a way that were comprehended by Rai and that Rai knowingly, voluntarily, and intelligently waived his *Miranda* rights. After examining the entire record, we conclude, under the totality of the circumstances, Rai voluntarily waived his *Miranda* rights. The evidence supports the district court's findings, and its decision is not contrary to the manifest weight of the evidence.


IV

[¶13]   Rai argues the district court erred in denying his motion for acquittal. At the close of the State's evidence, Rai entered a N.D.R.Crim.P. 29(a) motion for judgment of acquittal, which the district court denied. In reviewing sufficiency of the evidence challenges, we review the record to determine whether there is sufficient evidence that could allow a jury to draw a reasonable inference in favor of the conviction. *State v. Truelove*, 2017 ND 283, ¶ 7, 904 N.W.2d 342. In reviewing challenges to the sufficiency of the evidence on appeal, the defendant "bears the burden of showing the evidence reveals no reasonable inference of guilt when viewed in the light most favorable to the verdict." *Id*. This Court does not reweigh conflicting evidence or judge the credibility of witnesses. *Id.*

[¶14]   A person commits the crime of patronizing a minor for commercial sexual activity if, "the person gives, agrees to give, or offers to give anything of value to a

4

minor or another person so that an individual may engage in commercial sexual activity with a minor." N.D.C.C. § 12.1-41-06(1)(b). Here, the district court admitted the text messages between Rai and the undercover officer into evidence. That conversation supported the State's argument that Rai believed he was talking to a fourteen year old girl and intended to pay her for a sexual encounter. Testimony from officers involved in the operation also established the elements of the crime.

[¶15] Rai failed to meet his burden of showing the evidence reveals no reasonable inference of guilt when viewed in the light most favorable to the verdict. Based on the record, there is sufficient evidence to allow a jury to draw a reasonable inference in favor of conviction. We conclude the district court did not err in denying Rai's Rule 29(a) motion for a judgment of acquittal.


V

[¶16] Rai argues a rational fact-finder would have found he proved the affirmative defense of entrapment by a preponderance of the evidence.

[¶17] Section 12.1-05-11, N.D.C.C., provides for the affirmative defense of entrapment.

> A law enforcement agent perpetrates an entrapment if, for the purpose of obtaining evidence of the commission of a crime, the law enforcement agent induces or encourages and, as a direct result, causes another person to engage in conduct constituting such a crime by employing methods of persuasion or inducement which create a substantial risk that such crime will be committed by a person other than one who is ready to commit it. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.

N.D.C.C. § 12.1-05-11(2). Entrapment is a question of fact for the jury. *State v. Tester*, 1999 ND 60, ¶ 28, 592 N.W.2d 515; *see State v. Schmidt*, 2011 ND 238, ¶ 12, 807 N.W.2d 593. "North Dakota applies the objective test for entrapment, in which the focus is on the conduct of the law enforcement agents and its likely effect on a normally law-abiding person." *State v. Nehring*, 509 N.W.2d 42, 44 (N.D. 1993). The defendant has the burden of proving entrapment by a preponderance of the evidence. *Id.*; *Schmidt*, at ¶¶ 8-9. To establish entrapment, a defendant must prove two elements:

5

that law enforcement agents induced the commission of the crime and that the inducement was likely to cause a normally law-abiding person to commit the crime. *Nehring*, 509 N.W.2d at 44.

[¶18]  "[W]hen this Court reviews a challenge to a factual conclusion that entrapment did not occur, we do not weigh conflicting evidence, nor do we judge the credibility of witnesses; instead, we look only to the evidence and its reasonable inferences most favorable to the verdict to see if substantial evidence exists to warrant a conviction." *Schmidt*, 2011 ND 238, ¶ 7, 807 N.W.2d 593 (quotations omitted). "[E]ntrapment is not established by law enforcement conduct merely affording a person an opportunity to commit a crime." *Id.* at ¶ 10; *see* N.D.C.C. § 12.1-05-11(2). The level of outrageous conduct necessary to prove entrapment is quite high and must shock the conscience of this Court. *Schmidt*, at ¶ 11.

[¶19]  Here, Rai argues he was entrapped because the online advertisement featured a photograph of an adult woman and stated the woman was eighteen years old. Rai also alleges the undercover officer, not Rai, began solicitation by stating "she needed money." Further, Rai argues he was entrapped by the undercover officer sending him a text message asking if he had changed his mind after an hour of not communicating. This conduct by law enforcement does not "shock the conscience" or create a risk that a crime will be committed by a person other than one who is ready to commit it. *See Schmidt*, 2011 ND 238, ¶ 11, 807 N.W.2d 593; N.D.C.C. § 12.1-05-11(2). The online advertisement and text messages from the undercover officer merely afforded Rai an opportunity to commit a crime.

[¶20]  The jury considered the issue of entrapment and found Rai failed to meet his burden in proving the affirmative defense. Viewing the evidence and its reasonable inferences most favorable to the verdict, we conclude that substantial evidence exists to warrant the conviction and that a rational fact-finder could find Rai failed to prove entrapment by a preponderance of the evidence.

VI

6

[¶21]   We affirm the criminal judgment.

[¶22]   Gerald W. VandeWalle, C.J.
        Jerod E. Tufte
        Daniel J. Crothers
        Lisa Fair McEvers
        Jon J. Jensen