# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 175

State of North Dakota,                                    Plaintiff and Appellee

v.

Alexis Patricia-Nichole Hanson,               Defendant and Appellant

## No. 20230053

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable Douglas A. Bahr, Judge.

AFFIRMED.

Per Curiam.

Chase R. Lingle, Assistant State's Attorney, Mandan, ND, for plaintiff and appellee; submitted on brief.

Justin M. Balzer, Bismarck, ND, for defendant and appellant; submitted on brief.

# State v. Hanson
## No. 20230053

**Per Curiam.**

[¶1]   Alexis Hanson appeals from a district court judgment entered after a jury convicted her of child abuse and child neglect. Hanson argues the evidence was insufficient to find her guilty of both charges and the evidence created reasonable doubt. Hanson also argues the court erred in sentencing her to one year of incarceration. We affirm.

[¶2]   "In reviewing challenges to the sufficiency of the evidence on appeal, the defendant 'bears the burden of showing the evidence reveals no reasonable inference of guilt when viewed in the light most favorable to the verdict.'" *State v. Rai*, 2019 ND 71, ¶ 13, 924 N.W.2d 410 (citing *State v. Truelove*, 2017 ND 283, ¶ 7, 904 N.W.2d 342). When viewing the evidence in the light most favorable to the verdict, we conclude sufficient evidence exists that could allow a jury to convict on both charges.

[¶3]   When determining if a court abused its discretion in sentencing, we look to whether the district court acted within the statutorily prescribed sentencing limits or relied on impermissible factors. *State v. Thomas*, 2020 ND 30, ¶ 17, 938 N.W.2d 897 (citing *State v. Clark*, 2012 ND 135, ¶ 18, 818 N.W.2d 739). The court here acted within the statutory limits by imposing the mandatory minimum sentence under N.D.C.C. § 14-09-22(1) and (4). We summarily affirm under N.D.R.App.P. 35.1(a)(2) and (4).

[¶4]   Jon J. Jensen, C.J.
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte
        Stacy J. Louser, D.J.

[¶5]   The Honorable Stacy J. Louser, D.J., sitting in place of Bahr, J., disqualified.